IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZAKAI ZEIGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:25-cv-00226 |
| v. | ) |
| | ) |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

Counsel hereby provides notice of filing three declaration to supplement the record, as discussed at the June 6, 2025 hearing on Plaintiff Zeigler's Motion for Preliminary Injunction.

Specifically, at the hearing, the Court posed questions to both parties, including some questions to Plaintiff's counsel about certain factual matters. Counsel responded to the Court's inquiries with factual assertions that the Court indicated might be necessary to resolve the pending motion. In response to the Court's invitation for counsel to supplement the record related to these matters, counsel respectfully submits the following three brief declarations to provide evidentiary support. These declarations can be summarized as follows:

**Exhibit 1: Declaration of Ryan Alpert**

Mr. Alpert is the Senior Deputy Athletic Director and Chief Revenue Officer at the University of Tennessee, and his declaration confirms: (i) the University has guaranteed a roster spot for Mr. Zeigler for the 2025-26 season if the preliminary

injunction is granted but cannot guarantee a roster spot for future seasons if relief is delayed and (ii) the University will begin paying players directly starting July 1, 2025, based on Tennessee Senate Bill 536 and the "House Settlement."

**Exhibit 2: Supplemental Declaration of Plaintiff Zakai Zeigler**

Plaintiff Zakai Zeigler's Supplemental Declaration confirms: (i) Mr. Zeigler has been guaranteed a roster spot for the 2025-26 season if the preliminary injunction is granted; (ii) Mr. Zeigler is not guaranteed a roster spot for future seasons if relief is delayed; (iii) team practice began on June 2, 2025, and it is important for him to participate in early-season practices for team chemistry and development; (iv) he understood that there was a widespread expectation in the Division I community that the NCAA might change the Four-Seasons Rule to allow five seasons of play, which affected the timing of filing this action; and (v) he desires to mentor younger players and "pay it forward," if granted a fifth year opportunity.

**Exhibit 3: Second Supplemental Declaration of James Clawson**

Mr. Clawson's Declaration confirms (i) Spyre valuations are based on the national Division I market due to direct competition with schools across all conferences; (ii) he has intimate knowledge of valuations and actual prices paid to NCAA Division I basketball players; and (iii) he understands that the University will be directly paying players beginning July 1, 2025, in accordance with Tennessee state law and the "House Settlement."

Respectfully submitted,

*/s/ Zachary C. Lawson*
Zachary C. Lawson (TN BPR #36092)
J. Alex Little (TN BPR #29858)
LITSON PLLC
111 East Jackson Ave, Suite 203
Knoxville, TN 37915
Telephone: 615-985-8205
zack@litson.co | alex@litson.co


*/s/ Marcos M. Garza*
Marcos M. Garza (TN BPR #21483)
Brent Morris (TN BPR #24621)
Anderson Cofer (*Pro Hac* Pending)
GARZA LAW FIRM, PLLC
550 W. Main Street, Suite 340
Knoxville, Tennessee 37902
Telephone: 865-540-8300
Mgarza@garzalaw.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2025, a true and correct copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

　　　　　　　　　　　*/s/ Zachary C. Lawson*