IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ZAKAI ZEIGLER,<br><br>    **Plaintiff,**<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>    **Defendant.** | Case No. 3:25-CV-00226-KAC-DCP<br><br>DISTRICT JUDGE CRYTZER<br><br>MAGISTRATE JUDGE POPLIN |

## JOINT FED. R. CIV. P. 26(f) REPORT

Under Federal Rule of Civil Procedure 26(f), the Parties submit the following Joint Rule 26(f) Report after the conference of counsel held on November 18, 2025:

### I. Rule 26(f) Conference and Statement of the Case

The Parties' counsel met and conferred on November 18, 2025 to discuss the relevant discovery and scheduling matters referenced in Rule 26(f) and this Court's Sample Civil Scheduling Order.

**a. Plaintiff's Statement of the Case:**

Because of Plaintiff's request for a preliminary injunction, the Court is already familiar with the nature of the case. This is an antitrust action challenging the National Collegiate Athletic Association's Bylaw 12.8, known as the Four-Seasons Rule, which limits student-athletes to four seasons of competition within a five-year eligibility period. Plaintiff Zakai Zeigler enrolled at the University of Tennessee in 2021 and played four consecutive seasons of NCAA Division I men's basketball while completing his undergraduate degree. He intended to enroll in a graduate program in the fall of 2025 and desired to compete in a fifth season of

1

Case 3:25-cv-00226-KAC-DCP    Document 51    Filed 11/19/25    Page 1 of 8    PageID #: 900

college basketball. The Four-Seasons Rule barred him from doing so. Plaintiff alleges that the Four-Seasons Rule violates the Sherman Act, 15 U.S.C. § 1, and the Tennessee Trade Practices Act, Tenn. Code Ann. § 47-25-101, by operating as an unlawful restraint on trade in the relevant market. Plaintiff seeks damages because he was denied millions of dollars in NIL compensation due to the NCAA's four seasons rule. Following the Court's denial of Plaintiff's motion for preliminary injunction on June 12, 2025, Plaintiff is amending the complaint to remove the injunction language and to include facts regarding the *House* settlement, which was approved after the complaint was filed and is relevant to this case. Defendant does not oppose this amendment, and the parties account for it in their proposed schedule below.

b. **Defendant's Statement of the Case:**

Plaintiff's Complaint pleads only one species of claim against the NCAA: violation of the Sherman Act and corollary state law. More specifically, Plaintiff avers that the eligibility rules in the Division I ("DI") Manual and Bylaws that limit student-athletes' participation to four seasons of intercollegiate competition within five years (collectively, the "Challenged Rules") unreasonably restrain trade.

Plaintiff's Complaint fails to state a claim as a matter of law because: (1) Sixth Circuit precedent indicates that the Challenged Rules are not commercial in nature and therefore are not within the purview of the Sherman Act, and (2) Plaintiff has not—and cannot—allege a cognizable anticompetitive effect of the Challenged Rules. And even if Plaintiff's claims were legally viable, Plaintiff has not—and cannot—alleged sufficient facts to state a plausible claim to relief.

2

Plaintiff has not alleged facts plausibly demonstrating the viability of his asserted market definition because he does not plead facts demonstrating that there exist no viable substitute purchasers to the NCAA in the relevant market. Plaintiff too has failed to plead cognizable anticompetitive effects of the Challenged Rules because the injury about which he complains (i.e. unspecified harm to a small subset of participants in the alleged market(s) as opposed to harm to the whole of the same) is not a cognizable antitrust injury. Beyond his pleading being deficient, Plaintiff will be unable to establish any of these issues on the merits.

And, even if Plaintiffs had pleaded a colorable claim for relief under the Sherman Act, there exist multiple procompetitive benefits that support the NCAA's enforcement of the Challenged Rules, and Plaintiff cannot demonstrate the availability of substantially less restrictive alternatives to those rules, which nevertheless preserve the NCAA's multiple procompetitive benefits.

Moreover, Plaintiff's claims have been released—either in whole or in part—pursuant to the final class settlement agreement recently approved in House v. NCAA, 4:20-CV-03919 (N.D. Cal.) (ECF No. 958-1, at § E,19).

Finally, Plaintiff is a member of the putative class in *Patterson v. NCAA*, 3:25-cv-00994 (M.D. Tenn.), and it would serve judicial economy to transfer the case to the same venue.

## II. Joint Rule 26(f) Report and Discovery Plan

### a. Changes to the timing, form, or requirement to exchange initial disclosures.

The parties propose that initial disclosures be exchanged by January 6, 2026, which is fourteen days after the deadline for Defendant to file its responsive pleading.

**b. Potential formats of discovery sought by all parties.**

The parties agree this case will involve significant fact and expert discovery. The NCAA is comprised of member institutions with administrators making decisions regarding the rules at issue. Accordingly, much of the discovery will involve information in the custody of various administrators and institutions, which may create some complexity in identifying custodians of relevant documents. In addition, both Plaintiff and Defendant anticipate using multiple expert witnesses, including experts in economics, the collegiate sports industry, and damages. And, to obtain much of the information required for these experts to conduct their analyses, extensive third-party subpoena practice (directed at member institutions and third-party collectives to understand their NIL spending) will be required.

**c. Estimated Discovery Completion Deadline.**

The parties are mindful of the Court's Judicial Preferences, which contemplates six months for discovery in typical cases. Due to discovery challenges described above, the following proposal contemplates approximately fifteen months to complete discovery. With that caveat, the parties selected a proposed trial date and the remaining deadlines based on the Court's preferences outlined in its Sample Civil Scheduling Order. The parties propose the following deadlines:

**Key Scheduling Dates:**

**Trial:** May 17, 2027

**Estimated Length of Trial:** 14 days

**Final Pretrial Conference:** May 3, 2027

**Dispositive Motion and *Daubert* Motion Deadline:** January 18, 2026 (4 months before trial)

**Discovery Deadline:** November 30, 2026 (5.5 months before trial)

**Expert Disclosure Deadline - Plaintiff:** September 21, 2026 (8 months before trial)

**Expert Disclosure Deadline - Defendant:** October 19, 2026 (7 months before trial)

**Expert Disclosure Deadline - Rebuttal:** November 2, 2026 (6.5 months before trial)

<u>Other Deadlines:</u>

**Deadline for First Amended Complaint:** December 2, 2025

**Defendant's Responsive Pleading or Dispositive Motion:** December 23, 2025

**Exchange of Initial Disclosures:** January 6, 2026

**Amendment of Pleadings/Joinder:** October 26, 2026 (29 weeks before trial)

***Daubert* Response Deadline:** February 15, 2027 (13 weeks before trial)

**Motions in Limine Deadline:** March 18, 2027 (60 days before trial)

**Other Nondispositive Motions Deadline:** March 18, 2027 (60 days before trial)

**Pretrial Disclosures/Exhibit Lists:** April 2, 2027 (30 days before final pretrial conference)

**Motions in Limine Response Deadline:** April 16, 2027 (30 days before trial)

**Proposed Final Pretrial Order:** April 28, 2027 (5 days before final pretrial conference)

**Jury Instructions:** April 21, 2027 (12 days before trial)

d. Any issues about the discovery of electronic information.

The parties do not anticipate complex issues related to ESI. All documents should be produced in searchable (OCR) Portable Document Format (.PDF) files with relevant metadata included in a load file.

### e. Issues related to claims of privilege or protection of trial-preparation materials.

The parties agree that default safeguards and procedures under the Federal Rules of Civil Procedure and Local Rules are sufficient to address any privilege issues. There is no need for a specific protective order at this time.

### f. Potential changes to the limitations on discovery required under the Federal Rules of Civil Procedure or the Local Rules.

The parties agree that changes to the limitations on discovery under the federal or local rules are not necessary.

### h. Possibility of settlement.

**Plaintiff's Position:** While Plaintiff is confident that his case will succeed on the merits, he remains open to settlement discussions and is open to mediation. After conferring with counsel for Defendant, Plaintiff does not believe settlement is likely because Defendant does not wish to pursue settlement.

**Defendant's Position:** Defendant intends to defend the Challenge Rules and is not interested in discussing settlement.

### i. Jurisdiction.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Jurisdiction is undisputed.

Dated: November 19, 2025

/s/ *Zachary C. Lawson*
J. Alex Little (TN BPR #29858)
Zachary C. Lawson (TN BPR #36092)
LITSON PLLC
111 East Jackson Ave, Suite 203
Knoxville, TN 37915
Telephone: 615-985-8205
zack@litson.co | alex@litson.co


and


Marcos M. Garza (TN BPR #21483)
Brent Morris (TN BPR #24621)
Anderson Cofer (*Pro Hac Vice*)
GARZA LAW FIRM, PLLC
550 W. Main Street, Suite 340
Knoxville, Tennessee 37902
Telephone: 865-540-8300
Mgarza@garzalaw.com

*Counsel for Zakai Zeigler*

By: */s/ Taylor J. Askew*
Rakesh Kilaru (*pro hac vice*)
Max Warren (*pro hac vice*)
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
rkilaru@wilkinsonstekloff.com
mwarren@wilkinsonstekloff.com

Taylor J. Askew (BPR 033193)
David J. Zeitlin (BPR 037664)
**HOLLAND & KNIGHT LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
taylor.askew@hklaw.com
david.zeitlin@hklaw.com

*Counsel for National Collegiate Athletic Association*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing Joint Fed. R. Civ. P. 26(f) Report with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

*/s/ Zachary C. Lawson*
Zachary C. Lawson (TN BPR #36092)
